IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | Case No. CR09-2023 |
| vs. | REPORT AND RECOMMENDATION |
| JERRY GLEN WEEKLEY, JR., | |
| Defendant. | |

On the 10th day of November 2010, this matter came on for hearing on the Motion to Dismiss Petition of Justin Weekley Re: Forfeiture of 2010 Camaro (docket number 512) filed by the Government on October 21, 2010. The Government was represented by Assistant United States Attorney Martin J. McLaughlin. The Petitioner, Justin Weekley, appeared personally and was unrepresented by counsel.[1]

## I. PROCEDURAL HISTORY

On August 24, 2009, Defendant Jerry Glen Weekley, Jr., was charged by Indictment with one count of conspiracy to distribute and possess with intent to distribute 500 grams or more of methamphetamine, and one count of possession with intent to distribute 50 grams or more of methamphetamine. The Indictment included forfeiture allegations, asking that the Court order Defendant to

> forfeit to the United States pursuant to 21 U.S.C. § 853, any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of the said violation and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of said violation. . . .

---

[1] Petitioner Justin Weekley is Defendant Jerry Weekley's son.

*See* Indictment (docket number 3) at 4. The Indictment specifically seeks forfeiture of "substitute assets," pursuant to Title 21, United States Code, Section 853(p).

On February 19, 2010, Defendant appeared before the undersigned magistrate judge and entered a plea of guilty to Count 1 of the Indictment. Defendant waived any objections to the Report and Recommendation, and Chief Judge Linda R. Reade accepted Defendant's guilty plea on February 22, 2010. A presentence investigation was ordered.

On May 10, 2010, the Government filed a motion for a preliminary order of forfeiture. *See* docket number 331. Among other things, the Government sought forfeiture of a red 2010 Chevrolet Camaro which was seized on August 28, 2009. On June 15, 2010, Chief Judge Reade filed a Preliminary Order of Forfeiture (docket number 397) referencing the 2010 Camaro. The Order further provided:

> The United States shall publish notice of the order and of its intent to dispose of the property in such a manner as the United States may direct. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the subject property.

*See* Preliminary Order of Forfeiture (docket number 397) at 2.

Defendant Jerry Glen Weekley, Jr. was sentenced on July 8, 2010. The judgment provided, among other things, the following:

> The defendant shall forfeit the defendant's interest in the following property to the United States: As set forth in the Preliminary Order of Forfeiture filed on June 15, 2010, Document No. 397.

*See* Judgment in a Criminal Case (docket number 451) at 6.

Beginning on July 7, 2010, and continuing through August 5, 2010, a "NOTICE OF FORFEITURE" was published on an official government internet site (www.forfeiture.gov). *See* Declaration of Publication (docket number 480). In addition, on July 23, 2010, the United States Marshals Service mailed a notice of forfeiture and a copy of the Preliminary Order of Forfeiture to Petitioner Justin Weekley, with certified return receipt requested. *See* Process Receipt and Return (docket number 467). At the

time of hearing, Justin Weekley confirmed that he received the documents on July 27, 2010, and signed the return receipt. *See* Domestic Return Receipt (docket number 512-2).

In the notice of forfeiture served on Justin Weekley, he was advised that any person claiming an interest in the Camaro must file a petition within 30 days after receiving the notice, "petitioning the court for a hearing to adjudicate the validity of his alleged interest in the property." *See* Supplement to the Record, Exhibit 1 (docket number 522-1). The notice also advised Weekley of the petition requirements:

> The Petition shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property, the time and circumstances of the petitioner's acquisition of the right, title, and interest in the forfeiture property and any additional facts supporting the petitioner's claim and the relief sought, pursuant to 21 U.S.C. § 853(n).

*See* Notice of Forfeiture (docket number 522-1).

On August 31, 2010, Justin Weekley filed a letter with the Clerk of Court, addressed "To Whom This May Concern."[2] The letter, dated August 30, 2010, states:

> I Justin Lee Weekley owner of 2010 Chevolet [*sic*]-Camaro VIN # 2GIFTIEW8A9115420 which was seized from Jerry Glen Weekley Jr. I want to file papers for return of car, on or before Sept. 7, 2010.

*See* letter from Justin Lee Weekley (docket number 495).

On October 21, 2010, the Government filed the instant motion to dismiss, asserting that Justin Weekley failed to comply with the statutory requirements for submitting a claim in a forfeiture proceeding.[3]

---

[2] Apparently, the letter was received by the Clerk of Court on August 30, but not filed until August 31.

[3] The docket also reflects that a "response to notice of forfeiture" was filed by Rydell Chevrolet, Inc. on September 8, 2010. *See* docket number 498. Rydell claims that it is entitled to $1,292.03 for "performed repairs and service on the Vehicle" prior to its seizure. According to Mr. McLaughlin, the Government has not made any decision regarding how to proceed on Rydell's claim.

3

## II. RELEVANT FACTS

As set forth above, the issue presented by the instant motion is primarily a legal question, rather than a factual question. That is, the issue before the Court is *not* whether Justin Weekley's claim to the Camaro is meritorious, but whether he is precluded from asserting any claim as a consequence of his failure to comply with the statutory requirements in submitting a claim. In that regard, Justin Weekley admits that he received notice of the proposed forfeiture on July 27, 2010. His "petition" was received by the Clerk of Court on August 30, some 34 days later.

At the time of hearing, Justin Weekley advised the Court that he is 18 years old and "just started college." According to Mr. Weekley, he did not know "the exact nature of which I needed to place in this petition." Mr. Weekley stated that "the main goal" in filing the letter dated August 30, 2010 was to "receive hopefully more paperwork." When asked what he meant by the statement "I want to file papers for return of car, on or before Sept. 7, 2010," Mr. Weekley responded :

> Well, it was – to my understanding, I thought that I had until
> the 7th of September to get stuff filed and what not, but due to
> just the busy nature of a college student and not being able to
> get in touch with, you know, an attorney or anything, I
> couldn't file anything further.

Mr. Weekley acknowledged that he did not file any additional paperwork by September 7, and had still not filed any additional paperwork at the time of hearing some two months later.

## III. DISCUSSION

Criminal forfeitures are governed by Title 21, United States Code, section 853. Specifically, any person convicted of a violation of Chapter 13 of Title 21 shall forfeit to the United States, among other things, "any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation." *See* 21 U.S.C. § 853(a)(1). If the property cannot be forfeited for the reasons described in section 853(p), then the Court "shall order the forfeiture of any other property of the

4

defendant, up to the value of any property" which would otherwise be subject to forfeiture. *See* 21 U.S.C. § 853(p)(2). As set forth above, the interest of Defendant Jerry Glen Weekley, Jr., in the 2010 Camaro was previously ordered forfeited by the Court.

The interests of third parties in forfeited property are governed by 21 U.S.C. section 853(n). The United States must publish notice of the order of forfeiture and its intent to dispose of the property in such manner as the Attorney General may direct. "The Government may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of the order of forfeiture as a substitute for published notice as to those persons so notified." 21 U.S.C. § 853(n)(1). *See also* FED. R. CRIM. P. 32.2(b)(6). Here, the Government complied with the notice requirement by publishing notice and providing Justin Weekley with direct written notice.

A third party may then assert an interest in the property.

> Any person, other than the defendant, asserting a legal interest in property which has been ordered forfeited to the United States pursuant to this section may, within thirty days of the final publication of notice or his receipt of notice under paragraph (1), whichever is earlier, petition the court for a hearing to adjudicate the validity of his alleged interest in the property. The hearing shall be held before the court alone, without a jury.

Title 21, U.S.C. § 853(n)(2).

A petition by a third party alleging an interest in the forfeited property must meet certain requirements:

> The petition shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.

Title 21, U.S.C. § 853(n)(3). *See also United States v. Timley*, 507 F.3d 1125, 1129 (8th Cir. 2007).

Thus, to assert a claim in property ordered forfeited to the United States, a third party must:

1. petition the court within 30 days after receipt of notice;
2. sign the petition under penalty of perjury;
3. state the nature and extent of the petitioner's interest in the property;
4. state the time and circumstances of the petitioner's acquisition of his interest in the property;
5. state any additional facts supporting the petitioner's claim; and
6. state the relief sought.

Regarding the first requirement, even if Weekley's letter may properly be construed as a "petition," it was not timely filed. Weekley admits receiving notice of the forfeiture on July 27, 2010. Consistent with 21 U.S.C. § 853(n)(2), the notice advised Weekley that any person claiming an interest in the Camaro must file a petition within 30 days after receiving notice. Accordingly, the deadline for filing a petition was August 26, 2010. Weekley's letter addressed "To Whom This May Concern" was received by the Clerk of Court on August 30, some four days later.

Weekley's letter substantially complies with the third and sixth requirements set forth above. That is, Weekley identifies himself as the "owner" of the Camaro, thereby describing the "nature and extent" of his interest in the property. Weekley also states that "I want to file papers for return of [the] car," thereby adequately setting forth "the relief sought." However, the letter fails to comply with the second and fourth requirements set forth above. That is, Weekley does not state the time and circumstances of his alleged

acquisition of an ownership interest in the Camaro, nor was the letter signed under oath or penalty of perjury.[4]

Courts have routinely dismissed claims by third parties which are not timely filed. In *United States v. Puig*, 419 F.3d 700 (8th Cir. 2005), the district court dismissed as untimely a third-party's petition asserting an interest in a forfeited motorcycle. The Eighth Circuit Court of Appeals affirmed, noting that 21 U.S.C. § 853(n)(2) requires a claimant to file a petition within 30 days after receiving actual notice of forfeiture. *Id.* at 704. Similarly, in *United States v. Marion*, 562 F.3d 1330 (11th Cir. 2009), the Court concluded that a third-party's claim in forfeited property was "extinguished" if not timely filed. "The failure to file a petition within this thirty-day time period extinguishes a third-party's interests." *Id.* at 1339. *See also United States v. Grossman*, 501 F.3d 846, 848-49 (7th Cir. 2007) (finding that a third-party petition was properly dismissed as untimely when it was not filed within 30 days after actual receipt of a notice of forfeiture).

In this case, it is undisputed that Justin Weekley failed to file a petition within 30 days after receiving notice of the Government's intention to forfeit the Camaro. The notice of forfeiture advised Weekley of the 30-day deadline for filing a petition, and also specified the information which must be included in a petition. Nonetheless, Weekley did not meet the deadline, did not include all of the required information, and did not swear to the truth of the claim under penalty of perjury. Accordingly, I believe the Government's motion to dismiss should be granted.

## IV. RECOMMENDATION

For the reasons set forth above, I respectfully recommend that the Motion to Dismiss Petition (docket number 512) filed by the Government be **GRANTED**.

---

[4] In the context of a civil forfeiture proceeding, the First Circuit Court of Appeals noted that the filing of a verified claim "is no mere procedural technicality." *United States v. $23,000 in United States Currency*, 356 F.3d 157, 163 (1st Cir. 2004). "It forces claimants to assert their alleged ownership under oath, creating a deterrent against filing false claims." *Id.*

The parties are advised, pursuant to 28 U.S.C. § 636(b)(1), that within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections with the district court. *The parties are reminded that pursuant to Local Rule 72.1, "[a] party asserting such objections must arrange promptly for a transcription of all portions of the record the district court judge will need to rule on the objections." Accordingly, if the parties are going to object to this Report and Recommendation, they must promptly order a transcript of the hearing held on November 10, 2010.*

DATED this 1st day of December, 2010.

_____
JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA